UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARREN ARMSTEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:18-CV-541 RLM |
| vs. | ) |
| | ) |
| MS. KATHY GRIFFIN, et al., | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Darren Armstead, a prisoner representing himself, filed a complaint alleging he was denied medical treatment for his hand in violation of the Eighth Amendment. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." Erickson v. Pardus, 551 U.S. 89, 94 (2007). "In order to

1

state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Armstead arrived at the Miami Correctional Facility in March 2017. During intake, Mr. Armstead explained that he was a diabetic who was suffering from neuropathy. He was assigned a top bunk. In April, Mr. Armstead fell while climbing the ladder to his top bunk and hurt his back, head, leg, shoulder and right hand. The next day, Dr. Marandet told Mr. Armstead that he would order x-rays of his hand, but Dr. Marandet didn't order them. This caused Mr. Armstead to submit numerous health care request forms asking for x-rays to be taken. Dr. Marandet ignored his requests.

In June, Mr. Armstead met with Nurse Kim Myers, who ordered x-rays on his hand. The x-rays revealed Mr. Armstead's hand was broken in two places. Nurse Myers gave Mr. Armstead a metal brace to wear on his hand for the next ten weeks. Mr. Armstead asked to be sent to a hand specialist, but his requests went ignored and he wasn't referred to a specialist. Mr. Armstead claims that this resulted in pain and suffering from his hand not properly healing.

Nurse Cortiney told Mr. Armstead in December that his hand was abnormal with swelling and that he needed to see Nurse Myers immediately. Weeks passed without Nurse Myers seeing him.

In March 2018, Mr. Armstead began physical therapy for his hand. At the

end of May 2018, Mr. Armstead spoke with Sharon Hawk about being sent to a hand specialist. She said that decision was to be made by medical personnel, not her. Mr. Armstead sues the Superintendent of Miami, Kathy Griffin, Assistant Superintendent Sharon Hawk, Wexford Health Care, Corizon Healthcare, Dr. Marandet, the physical therapist at Miami, Nurse Kim Myers, Nurse Dawson, and Nurse Gwillin for money damages for ignoring his requests and denying medical care for his hand.

In medical cases, the Eighth Amendment is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Prisoners are "not entitled to demand specific care. [They are] not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997).

> For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.

Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Medical malpractice and incompetence aren't deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). A claim isn't made out by "disagreement with medical professionals . . . state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003).

3

Mr. Armstead alleges that Dr. Marandet and Nurse Myers knew that his hand injury required immediate medical attention, but nevertheless delayed and denied him getting treatment. Because the complaint alleges that these two medical providers knew that he needed medical attention, but unnecessarily delayed and denied it, the complaint states a claim on which relief can be granted. *See* Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997); Arnett v. Webster, 658 F.3d 742, 752-753 (7th Cir. 2011); Grieveson v. Anderson, 538 F.3d 763, 779 (7th Cir. 2008). The rest of Mr. Armstead's claims don't fare as well.

Mr. Armstead complains that he was assigned to a top bunk though medical personnel knew that he was a diabetic who had neuropathy. "Conditions of confinement must be severe to support an Eighth Amendment claim; the prison officials' act or omission must result in the denial of the minimal civilized measure of life's necessities." Morissette v. Peters, 45 F.3d 1119, 1123 (7th Cir. 1995) (quotation marks and citation omitted). "An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." Christopher v. Buss, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). There is no indication that any of the defendants were involved with, or deliberately indifferent in, assigning Mr. Armstead to a top bunk. Indeed, there is no allegation that Mr. Armstead even asked for a bottom bunk. With what we know now, it might have been better if he had not been assigned to the upper bunk, based on the facts

4

alleged, it can't be reasonably inferred that the assignment of a top bunk constituted a denial of the minimal civilized measure of life's necessities or that assigning him a top bunk was a risk so grave that it was unconscionable to have exposed him to it.

It's not clear why Mr. Armstead names Miami Superintendent and Kathy Griffin as defendants; they aren't even mentioned in the body of the complaint. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993). Thus, the complaint doesn't state a claim on which relief can be granted against either the Superintendent or Ms. Griffin.

Mr. Armstead names Assistant Superintendent Sharon Hawk because she relied on the medical staff to determine whether Mr. Armstead should be sent to a hand specialist. Ms. Hawk can't be held liable for deferring to the judgment of the medical professionals who were tasked to care for Mr. Armstead. Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009) ("[A] layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference . . . .");

5

Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005) ("If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."). "Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 . . . .." Burks v. Raemisch, 555 F.3d at 595. Mr. Armstead hasn't plausibly stated a claim on which relief can be granted against Assistant Superintendent Sharon Hawk.

Mr. Armstead sues Wexford Health Care and Corizon Health Care, two private companies that provided medical care at the prison. It appears he is trying to hold the companies liable because they employed the medical providers that denied him treatment. However, there is no general *respondeat superior* liability under Section 1983. Chavez v. Ill. State Police, 251 F.3d 612, 651 (7th Cir. 2001); *see also* Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). While a private company performing a state function can be held liable to the same extent as a state actor under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012), Mr. Armstead doesn't allege anything from which it can be plausibly inferred that either Corizon Health Care or Wexford Health

6

Care had an unconstitutional practice or policy that caused his injury. Instead, the gist of Mr. Armstead's claim is that medical staff failed to give him proper care for his medical needs. Accordingly, Mr. Armstead has not plausibly alleged a claim against Corizon Health Care or Wexford Health Care.

Mr. Armstead sues physical therapist Nathan Bates, Nurse Dawson and Nurse Gwillin. He names them in the caption of his 22-page complaint, but he doesn't alleged that any of these defendants violated his constitutional rights. Thus, he hasn't stated a plausible claim on which relief can be granted against any of them.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Marandet and Nurse Kim Myers for denying him proper medical treatment for his hand after he fell on April 10, 2017, in violation of the Eighth Amendment;

(2) DISMISSES any and all other claims contained in the complaint;

(3) DISMISSES Superintendent, Ms. Kathy Griffin, Assistant Superintendent Sharon Hawk, Wexford Health Care, Corizon Health Care, Physical Therapist Nathan Bates, RN Dawson, and RN Gwillin as defendants;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Marandet and Nurse Kim Myers at the Indiana Department of Correction with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Marandet and Nurse Kim Myers respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 2, 2018

      /s/ Robert L. Miller, Jr.
Judge
United States District Court