UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARREN ARMSTEAD,

    Plaintiff,

        v.                     CAUSE NO. 3:18-CV-541-RLM-MGG

DR. MARANDET, et al.,

    Defendants.

OPINION AND ORDER

Plaintiff Darren Armstead is held at the Miami Correctional Facility. He's been granted leave to proceed against Defendants Dr. Marandet and Nurse Kim Meyers for their alleged denial of medical care after he fell and injured his hand on April 10, 2017. On May 26, he filed a motion for a preliminary injunction with allegations unrelated to this lawsuit. He says that on April 15, the defendants "or their agents and assigns" moved him without justification from a bottom range and bunk to a top range and a top bunk. (ECF 106 at 2.) Three days later, they moved him again. (*Id.*) He claims that these moves endanger him because he suffers from seizures and he takes medication that has side effects of drowsiness, dizziness, blurred vision, tiredness, and alike. He says it's only a matter of time before he suffers a seizure while "walking up or down the stairs" (*id.* at 3) and possibly aggravates his hand injury.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the

burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. See BBL, Inc. v. City of Angola, 809 F.3d 317, 323–324 (7th Cir. 2015). "If the plaintiff fails to meet these requirements, the court must deny the injunction. The mere possibility of irreparable injury is not enough." Orr v. Shicker, 953 F.3d 490, 501 (7th Cir. 2020).

Mr. Armstead hasn't shown that he has a likelihood of success on the merits in this case because his motion for a preliminary injunction is unrelated to this lawsuit. His motion weaves the challenge to the custody placement decisions into his medical care lawsuit by speculating that he may fall on the stairs, or while climbing his bunk bed, as a result of a seizure and aggravate his hand injury. These allegations are unrelated to the gravamen of this case: the alleged failure to provide him with the appropriate medical care for his hand after he fell. Moreover, the two defendants, Dr. Marandet and Nurse Meyers, can't provide the remedy Mr. Armstead is seeking.[1] As medical professionals, they can recommend a bottom bunk placement, but they don't have control over Mr. Armstead's housing assignment. Rather, the Indiana Department of Corrections, which is not a defendant in this case, controls the housing.

---

[1] He wants to be placed on a lower floor and on a bottom bunk.

For these reasons, the Court, DENIES Mr. Armstead's motion for a preliminary injunction (ECF 106).

SO ORDERED on June 4, 2020

s/ Robert L. Miller, Jr.<br>
JUDGE<br>
UNITED STATES DISTRICT COURT